# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY L. WILSON and<br>GENA R. KILGORE-WILSON,<br><br>    Plaintiffs,<br><br>v.<br><br>JUDGE PAULETTE J. DELK;<br>JUDGE GEORGE W. EMERSON, JR.;<br>ROBERT LEE WEBBER;<br>CRAIG V. MORTON; JEFFREY D.<br>GERMANY; MORTON & GERMANY,<br>PLLC; DOES ONE THROUGH FIFTY;<br>TOM PORTIS; FLOYANNE DABBS;<br>MELANIE DAKIN; and ROBERT LEE<br>RUDD;<br><br>    Defendants. | No. 13-2667-STA-tmp |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING THE COMPLAINT *SUA SPONTE*

Before the Court is the United States Magistrate Judge's Report and Recommendation that Plaintiffs Timothy L. Wilson and Gena R. Kilgore-Wilson's Pro Se Amended Complaint be dismissed *sua sponte* for failure to state a claim. Plaintiffs have filed timely objections to the Magistrate Judge's Report. For the reasons set forth below, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** the Amended Complaint.

## BACKGROUND

As the Magistrate Judge correctly noted in his Report, Plaintiff Timothy L. Wilson previously

1

filed a Voluntary Petition for Chapter 13 bankruptcy on October 2, 2010.[1] The United States Bankruptcy Court for the Western District of Tennessee ultimately lifted the automatic stay and dismissed the bankruptcy with prejudice. On December 20, 2013, the Court issued its opinion in Plaintiffs' consolidated bankruptcy appeals, cases no. 13-2270-STA-tmp and 13-2284-STA-tmp, affirming the Bankruptcy Court's judgment. On March 16, 2014, the Court of Appeals for the Sixth Circuit dismissed Plaintiffs' appeal to that Court for want of prosecution.[2]

On August 26, 2013, Plaintiffs filed the instant suit against United States Bankruptcy Judges Paulette J. Delk and George W. Emerson, Jr.; Courtroom Deputy Collette Vaughn; attorneys Robert Lee Webber, Craig V. Morton, and Jeffrey D. Germany; the law firm of Morton & Germany, PLLC; and John Does 1 through 50.[3] On September 3, 2014, Plaintiffs filed an Amended Complaint (ECF No. 4), adding as Defendants Chapter 13 Trustee's staff attorney Melanie Dakin and BancorpSouth Bank employees Tom Portis, Floyanne Dabbs, and Robert Lee Rudd. The Amended Complaint also removed Collette Vaughn as a named Defendant.

Plaintiffs owned property located at 5095 Elvis Presley Blvd., in Memphis, Tennessee ("the property"). BancorpSouth Bank ("the bank") was the beneficiary under a recorded deed of trust and

---

[1] *See Wilson v. BankcorpSouth Bank*, 13-cv-2270-STA-tmp, ECF No. 26 at 2.

[2] The Court's opinion affirming the decision of the Bankruptcy Court was also entered on the docket in the case at bar (ECF No. 7), and the Clerk of Court entered judgment (ECF No. 8). On February 4, 2014, the Court concluded that its bankruptcy opinion and judgment were mistakenly entered on the docket in this case, vacated the judgment, and referred the matter to the Magistrate Judge for screening.

[3] The Magistrate Judge noted that the filing of a complaint against John Doe defendants does not toll the statute of limitations. The Magistrate Judge recommended that the Court dismiss Plaintiffs' claims against the John Does. Plaintiffs have not objected to this proposed conclusion. Therefore, their claims against the John Doe Defendants are dismissed.

the holder of a note in the amount of $143,597.70 on the property, making the bank a creditor in the bankruptcy proceedings. According to the Amended Complaint, on or about May 2012, Judge Delk signed an order granting the bank the right to lift the automatic stay on the property. Plaintiffs allege that Judge Delk's order resulted in the "fraudulent foreclosure and sale" of the property when on April 4, 2013, Judge Emerson dismissed Mr. Wilson's case after a hearing on a motion to lift the automatic stay. Plaintiffs challenge Judge Delk's decision to lift the automatic stay, alleging that Melanie Dakin (a staff attorney for the Chapter 13 Trustee) "facilitated" the lifting of the automatic stay. Plaintiffs further claim that Judge Emerson accepted "unsupported, baseless hearsay, and unsubstantiated statements" made by the bank's attorney, Robert Lee Webber, who works for the law firm of Morton & Germany, PLLC. Plaintiffs allege that Webber made several incorrect statements and accused Plaintiffs of being in default, resulting in the property being foreclosed and sold at auction. Plaintiffs allege Defendants engaged in fraud and violated their constitutional right to due process. Plaintiffs seek in excess of $25,000,000 in damages. They also request injunctive relief, although they do not specify the type of injunctive relief that they seek.

In their objections to the Magistrate Judge's Report, Plaintiffs dispute the amount of their indebtedness to the bank, asserting that the amount cited in the Report does not reflect payments Ms. Kilgore-Wilson made in the course of her bankruptcy from 2007 through 2010. In point of fact, the Report does not state that the amount of $143,597.70 is the current indebtedness on the loan, only that the bank was the holder of a note in that amount. The Court finds that Plaintiffs' factual objection is without merit then. Plaintiffs go on to assert a number of other facts about the bank's decision not to seek recourse from the guarantor on Plaintiffs' note, Ms. Linda K. Williamson, and the particulars of their proceedings before the United States Bankruptcy Court. Plaintiffs have cited

a transcript from the proceedings before Judge Emerson and attached a copy of the transcript to their objections. However, none of the facts cited by Plaintiffs are actually contained in the Amended Complaint. Therefore, they are not properly before the Court at the pleadings stage. And even if they had been alleged in the Amended Complaint, Plaintiffs have not shown why these facts would make out the elements of their claims for fraud and the violation of their civil rights against any of the named Defendants in their Amended Complaint. Therefore, all of Plaintiffs' objections to the Magistrate Judge's proposed findings are overruled.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636, the Magistrate Judge may issue a report and recommendation for the dismissal of a civil case.[4] The Court must "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."[5] After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge.[6] The Court need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made.[7] Rather the Court may adopt any findings and rulings of the magistrate judge to which no specific objection is filed.[8]

---

[4] 28 U.S.C. § 636(b)(1)(B).

[5] § 636(b)(1)(C).

[6] *Id*.

[7] *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

[8] *Id.* at 151.

4

## ANALYSIS

The Magistrate Judge has recommended that the Court dismiss Plaintiffs' Amended Complaint *sua sponte* for failure to state a claim. First, the Magistrate Judge has reasoned that the Bankruptcy Judges and other court staff named as Defendants in the Amended Complaint are entitled to absolute immunity from suit. The Court agrees and **ADOPTS** the Magistrate Judge's proposed conclusion of law on this point. In their objections, Plaintiffs only argue that 42 U.S.C. § 1983 imposes liability on "officials acting under color of law in their individual capacity" and that the judges named in the suit are "liable for their acts." However, Plaintiffs have failed to address the doctrine of absolute immunity or any of the legal authority cited by the Magistrate Judge to support his conclusion that the judges and staff of the Bankruptcy Court are entitled to immunity. Therefore, Plaintiffs' objections to the Magistrate Judge's absolute immunity analysis are overruled.

With respect to Plaintiffs' claims against the employees and attorneys of the bank, the Magistrate Judge concluded that the Amended Complaint failed to allege the elements of fraud with the particularity required under Federal Rule of Civil Procedure 9(b). The Magistrate Judge further concluded that Plaintiffs could not hold these Defendants liable for any alleged violation of Plaintiffs' constitutional rights because these parties were not state actors. The Court holds that the Magistrate Judge's proposed conclusions of law as to the claims against these Defendants are correct. In their objections, Plaintiffs do not challenge the Magistrate Judge's analysis of their fraud claims. Plaintiffs merely assert that corporations are bound by a judgment against the corporation, though it is not at all clear to the Court why this statement of law is relevant in this case, much less why it is responsive to the Magistrate Judge's recommended holding. Plaintiffs go on to assert without any supporting authority that BancorpSouth is a subsidiary of Suntrust Mortgage and

5

Suntrust Bank and that Suntrust Bank "has recently been confirmed to have deceptive and illegal mortgage services practices." The Court finds that this conclusory allegation, which is not raised in the Amended Complaint, does not show how Plaintiffs could plausibly hold employees or attorneys for the bank liable for the violation of Plaintiffs' civil rights under color of law. As such, Plaintiffs' objections on this issue must be overruled.

Having reviewed the Magistrate Judge's Report and Recommendations de novo and Plaintiffs' timely objections, the Court hereby **ADOPTS** the Report and Recommendations. Plaintiffs' Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision *in forma pauperis*. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. The good faith standard is an objective one.[9] An appeal is not taken in good faith if the issue presented is frivolous.[10] It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*.[11] The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, pursuant to 28 U.S.C. § 1915(a)(3), the Court **CERTIFIES** that any appeal in this matter by Plaintiffs would not be taken in good faith. Plaintiffs may not proceed on appeal *in forma pauperis*.

The Sixth Circuit Court of Appeals decisions in *McGore v. Wrigglesworth*, 114 F.3d 601,

---

[9] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[10] *Id.*

[11] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiffs in this case. If Plaintiffs file a notice of appeal, they must pay the entire $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal. By filing a notice of appeal, Plaintiffd become liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If Plaintiffs fail to comply with the above assessment of the appellate filing fee within thirty (30) days[12] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid.[13]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 1, 2014.

---

[12] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

[13] *McGore*, 114 F.3d at 610.